IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| MEDHI KOWSARI,<br><br>Plaintiff,<br><br>v.<br><br>AURORA LOAN SERVICES, and CAL WESTERN RECONVEYANCE, John Does I through V,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 1:13-CV-160 TS<br><br>District Judge Ted Stewart |
|---|---|

This matter is before the Court on Defendants' Motion to Dismiss.[1] For the reasons discussed below, the Court will grant Defendants' Motion.

## I. BACKGROUND

Plaintiff Medhi Kowsari owns real property in Logan, Utah. In 2006, Plaintiff executed a Deed of Trust against the property to secure a loan. In or around 2009, Plaintiff failed to make monthly payments on the loan. In 2010, Defendant Aurora Loan Services, LLC ("Aurora") began discussing a loan modification agreement with Plaintiff. The parties did not reach a final agreement. In 2011, the trustee under the Deed of Trust issued a Notice of Trustee's Sale and the property was foreclosed and sold to Aurora.

Plaintiff filed suit in state court, challenging the validity of the foreclosure proceedings and asserting various contract-based claims. Aurora removed the case to federal court in November 2013. Shortly thereafter, Defendants moved to dismiss all of Plaintiff's claims.

---

[1] Docket No. 5.

1

## II. LEGAL STANDARD

On a 12(b)(6) motion to dismiss, the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."[2] "[C]ourts must consider the complaint in its entirety, . . . [including] documents incorporated into the complaint by reference . . . ."[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[4] "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[5] In so doing, the Court "will disregard conclusory statements."[6]

## III. DISCUSSION

Plaintiff asserts three causes of action in his Complaint. First, Plaintiff challenges the validity of the foreclosure proceeding. Second, Plaintiff asserts a claim for breach of the covenant of good faith and fair dealing. Third, Plaintiff seeks punitive damages. Defendants argue that all of Plaintiff's claims should be dismissed with prejudice, based in part on documents referenced in the Complaint. Plaintiff seeks to convert this 12(b)(6) motion to a Rule

---

[2] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[3] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Gale v. Aurora Loan Servs.*, No. 1:11-CV-47 TS, 2011 WL 1897671, at *1 (D. Utah May 18, 2011) (citing *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

[6] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

56 motion for summary judgment and argues that summary judgment should not be granted to Defendants because material facts are in dispute.

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[7] "'[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,'"[8] without converting a motion to dismiss into one for summary judgment.

Defendants submitted documents to the Court in their opposition memorandum, and argued that the documents were all incorporated by reference in Plaintiff's Complaint or judicially noticable. In ruling on this Motion, the Court considered Plaintiff's Complaint and the Notice of Trustee's Sale. The Notice of Trustee's Sale was explicitly referenced in Plaintiff's Complaint, is central to one of Plaintiff's claims, and Plaintiff has not challenged the authenticity of the copy submitted to the Court. Because the Court does not rely on evidence outside the pleadings to resolve the issues, the Court denies Plaintiff's request and resolves the Motion under 12(b)(6).

A. VALIDITY OF FORECLOSURE

Plaintiff's first cause of action challenges the validity of the foreclosure proceedings. First, Plaintiff appears to assert a breach of contract claim based on Plaintiff's allegations that Defendants refused multiple payments by Plaintiff. Second, Plaintiff asserts that the Notice of Trustee's Sale was fraudulently issued by Cal Western Reconveyance. Third, in the briefing for

---

[7] Fed. R. Civ. P. 12(d).

[8] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

this Motion, Plaintiff references the Making Home Affordable program—Plaintiff does not articulate a specific argument based on a provision of the legislation enacting this program, but it appears that Plaintiff intends to rely on the protections afforded by the Home Affordable Modification Program ("HAMP").

*1. Breach of Contract*

Plaintiff's Complaint alleges that Defendants repeatedly refused to accept payments tendered by Plaintiff. But as Plaintiff explains in more detail in his opposition memorandum, these payments were allegedly tendered under a temporary adjustment agreement that modified the parties' original agreement. Moreover, Plaintiff alleges that while he was attempting to tender payments according to the temporary agreement, Defendants continued with foreclosure proceedings in an attempt to coerce Plaintiff into an additional modification agreement.

Utah law states that parties seeking to modify a contract must reach a meeting of the minds on the modification.[9] "A binding contract exists where it can be shown that the parties had a meeting of the minds as to the integral features of [the] agreement and that the terms are sufficiently definite as to be capable of being enforced."[10] Aside from Plaintiff's conclusory allegation that the parties entered into an agreement, Plaintiff's Complaint does not allege terms of the alleged modification or other facts indicating that there was in fact a meeting of the parties' minds to properly modify the original agreement. Instead, Plaintiff's allegations indicate that Defendants refused payments because the payments did not meet Defendants' understanding of the temporary adjustment agreement. Because the Court is unable to find—based on the facts

---

[9] *Provo City Corp. v. Nielson Scott Co., Inc.*, 603 P.2d 803, 806 (Utah 1979).

[10] *LD III, LLC v. BBRD, LC*, 221 P.3d 867, 872 (Utah Ct. App. 2009) (citations and internal quotation marks omitted).

4

alleged—that a binding modification agreement existed, Plaintiff's claim based on the refused payments fails.

   2. *Notice of Trustee's Sale*

Plaintiff alleges that Cal Western Reconveyance issued the Notice of Trustee's Sale as part of the foreclosure proceedings. Plaintiff asserts that this notice renders the foreclosure invalid because Cal Western Reconveyance is not an entity authorized to issue the notice under Utah law.

A copy of the Notice of Trustee's Sale was included in the briefing for this Motion. Contrary to Plainitiff's allegations, Cal Western Reconveyance did not issue the notice. Rather, the notice was issued by James Woodall. Plaintiff has not asserted that Mr. Woodall was not authorized to issue the notice. Therefore, this claim fails.

   3. *HAMP-Based Claim*

This Court has repeatedly recognized that HAMP does not provide a private cause of action.[11] Therefore, to the extent that Plaintiff asserts a claim based on protections afforded by HAMP, Plaintiff's claim also fails.

B.  GOOD FAITH & FAIR DEALING CLAIM

Plaintiff asserts a claim for breach of the covenant of good faith and fair dealing based on Defendants' conduct during modification negotiations, wherein Defendants allegedly engaged in coercion, undue influence, threatening influence, bad faith, and fraudulent reporting of loan payments, and also refused to accept loan payments.

---

[11] *See, e.g.*, *Domingo v. Direct Mortg. Corp.*, No. 2:11-CV-464 TS, 2011 WL 4403968, at *3 (D. Utah Sept. 21, 2011).

The duty of good faith and fair dealing "is an implied duty that inheres in every contractual relationship."[12] "The duties of good faith and fair dealing arise out of the relationship between the parties created by the contract and have no independent existence outside of the contract."[13] "[T]he implied covenant of good faith and fair dealing does not require either party to entertain a request to renegotiate the terms of the contract."[14]

As discussed above, Plaintiff failed to plead the existence of a binding modification agreement. Additionally, Plaintiff has not alleged the existence of a contractual right to modification contained in the original loan agreement. Plaintiff has not otherwise alleged facts plausibly demonstrating that Defendants were obligated to enter into a binding modification agreement with Plaintiff. Based on the foregoing, Plaintiff has failed to state a claim for breach of the implied covenant of good faith and fair dealing.

C. PUNITIVE DAMAGES CLAIM

Plaintiff asserts a claim for punitive damages based on the substantive claims discussed above. Because those claims will be dismissed, Plaintiff's request for punitive damages will also be dismissed.

IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Motion to Dismiss (Docket No. 5) is GRANTED.

The Clerk of Court is directed to close this case forthwith.

---

[12] *Strupat v. Aurora Loan Servs. LLC*, No. 2:11-CV-279 DS, 2011 WL 2359842, at *3 (D. Utah June 9, 2011).

[13] *Peterson & Simpson v. IHC Servs., Inc.*, 217 P.3d 716, 722 (Utah 2009).

[14] *Osmond v. Litton Loan Servicing, LLC*, No. 1:10-CV-11 DAK, 2011 WL 1988403, at *2 (D. Utah May 20, 2011).

DATED this 28th day of May, 2014.

                        BY THE COURT:

                        _____
                        Ted Stewart
                        United States District Judge